UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:22-cr-20-SPC-KCD

JENNIFER HANSEN

## OPINION AND ORDER[1]

Before the Court is pro se Defendant Jennifer Hansen's motion to clarify restitution (Doc. 38), along with the Government's opposition (Doc. 41). For the below reasons, the Court denies the motion.

Last year, the Court sentenced Hansen to twenty-four months' imprisonment for filing false tax returns. (Doc. 30). It also ordered her to pay over $1.2 million in restitution, with the Schedule of Payments requiring her to pay at least $25 quarterly while in custody.[2] (Doc. 30 at 6-7).

Fast forward to April 2023. It appears that Hansen joined the Bureau of Prison's Inmate Financial Responsibility Program ("IFRP") and agreed to pay $429 per month towards restitution. (Doc. 38-2 at 1). The IFRP is a

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

[2] The Schedule of Payments states, "While in the custody of the Bureau of Prisons, Defendant shall either (1) pay at least $25 quarterly if Defendant has non-Unicor or (2) pay at least **50 PERCENT (50%)** of your monthly earnings if Defendant has a Unicor position." (Doc. 30 at 6). The former option applies here.

voluntary work program that helps inmates develop financial plans to meet their obligations. 28 C.F.R. § 545.10. Although the IFRP is voluntary, inmates face penalties for not participating like no work detail outside the facility, having the lowest housing status, and no community-based programs. 28 C.F.R. § 545.11(d).

Because of those consequences, and her soon to be ex-husband no longer giving her financial support, Hansen wants the Court to undo the $429 monthly payment so the BOP cannot collect more than $25 quarterly.[3] (Doc. 38 at 1; Doc. 38-1). But the Court cannot adjust her IFRP payment or the formula the BOP used to calculate the amount. That's because the IFRP is part of Hansen's confinement, and any complaint on its execution must be brought as a habeas petition under 28 U.S.C. § 2241.

For that matter, § 2241 petitions are brought in the district court where someone is confined—not where they were sentenced—and only after BOP administrative remedies have been exhausted. See *United States v. Gola*, 698 F. App'x 602, 604 (11th Cir. 2017) (holding that inmate's claim he was coerced into participating in the IFRP must be presented in a § 2241 petition filed in the district of confinement). So this Court is not the proper place to for Hansen

---

[3] Hansen's motion is not actually a request for the Court to modify her minimum Schedule of Payments under 18 U.S.C. § 3664, which requires a defendant to tell the court about "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k).

to challenge the BOP's administration of the IFRP. Nor is there evidence that Hansen has satisfied her administrative remedies before seeking judicial intervention. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). The Court thus defers to the BOP's consideration and calculation of Hansen's IFRP payment.

Finally, the Court declines Hansen's request to delay restitution payments until six months after she is released from prison so she may secure a job and housing. Her ask is premature because she won't be released from prison for another seven months. Her financial circumstances at that time cannot be predicted now. And it's not lost on the Court that Hansen still has real estate assets, one of which she may be earning rental income. So the Court is not now inclined to put off her restitution payments any longer, especially when she still owes more than $1 million.

Accordingly, it is now **ORDERED:**

Defendant Jennifer Hanson's pro se motion to clarify restitution (Doc. 38) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on June 1, 2023.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:   Defendant Jennifer Hansen
          Counsel of Record

3